### LEMON v. MECHANICS' & TRADERS' BANK.

(Supreme Court, Appellate Term.    November 29, 1907.)

BANKS AND BANKING—DEPOSITS—ACTION BY DEPOSITOR—EVIDENCE.

In an action by a bank depositor to recover an alleged deposit, evidence *held* insufficient to authorize a verdict finding that plaintiff made the deposit sued for.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Banks and Banking, § 526.]

Appeal from City Court of New York, Trial Term.

Action by E. Forest Lemon against the Mechanics' & Traders' Bank. From the City Court judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Charles Strauss, for appellant.
Warner & Williams, for respondent.

GILDERSLEEVE, P. J.    The plaintiff, alleging that he, on or about January 13, 1906, deposited with a branch bank of the defendant the sum of $350, which the defendant refused to pay over upon demand, brought this action to recover the same, and judgment was rendered in his favor after a trial by a jury.  The defendant denied the making of the said deposit, and upon this appeal from the judgment urges that the verdict is against the weight of evidence.

The plaintiff was the only witness sworn in his own behalf.  He testified that he made a deposit of $350 in cash at the window of the receiving teller of the bank; that he saw the latter take the money and enter the amount of the deposit and the date, "January 13, $350," in plaintiff's pass book, which he handed to the teller for that purpose; and that he then left his pass book to be balanced.  It is undisputed that on January 17, 1906, the pass book was balanced, and that included in

the balance is the item of $350 aforesaid. Subsequently the plaintiff made several small deposits from time to time, for some two or three months, when his book was again written up, and he was advised that an error had been made in crediting him with the sum of $350 on January 13, 1906, and payment of that amount was refused.

In contradiction of the plaintiff's claim the bank showed, without dispute, that it had a depositor by the name of Lennon, whose name occupied a part of the same page as the plaintiff's name on the defendant's ledger, one account immediately following the other; that Lennon, who was an out of town resident, made a deposit on January 13, 1906, of $350, without his pass book, and in the form of a check; that this deposit was, at the time it was made, entered to Lennon's credit on the bank's daily alphabetical list of deposits, but was not entered to Lennon's credit on the ledger. This mistake was not discovered until Lennon left his pass book to be balanced on February 20th, and, the sum of $350 not appearing in the ledger nor in his pass book, that sum was omitted in the balance, which Lennon discovered upon receiving his book. It was further shown that on January 13, 1906, the day that the plaintiff claims to have made his deposit, one Meehan, an assistant bookkeeper, was working on the defendant's ledger, and that he entered upon the ledger the credit to the plaintiff, evidently from Lennon's deposit slip. His testimony to this effect is supported by the fact, also shown, that there was a deposit slip from Lennon for that amount on that date and in Lennon's handwriting, that his name was subsequently found to have been entered in the aforesaid alphabetical list of credits on that day and for that amount, that there was no deposit slip on that date from the plaintiff, or any other deposit slip for that amount from any one on that day other than Lennon. One Szilgye, a clerk in the bank, made up the balance on the plaintiff's pass book, and he testifies that in so doing he found the entry on the ledger to plaintiff's credit of $350 under date of January 13, 1906, and that he thereupon wrote into plaintiff's pass book the entry therein appearing, "January 13, $350," and included it in his computation of plaintiff's balance.

That such entry was in the handwriting of this clerk, and not that of the receiving teller, was shown by the vice president of the bank and by the receiving teller, and therefore strongly tends to disprove the statement of the plaintiff that he personally made the deposit at the receiving teller's window. The pass book was received in evidence, and shows that the entry of January 13, 1906, was not initialed, all the others having the initials of the receiving teller thereon, and it appears that said entry was made on a line in said book below an entry of "January 16, 1906, $30." This deposit of $30 January 16, 1906, was admittedly made by the plaintiff, and noted in his pass book on that date by the receiving teller, and initialed by him, and the entry on the line below, "January 13, $350," is potent evidence of the truth of Szilgye's statement that such entry was made by him at the time he was writing up the plaintiff's pass book, that it was taken from the ledger, and that plaintiff was mistaken when he testified that he left the pass book on January 13, 1906, to be balanced, because, if the book had been left on January 13th, and was in possession of the bank

until January 17th, the plaintiff could not have made a deposit at the teller's window with his book on January 16th, and the entry of January 16th is in the handwriting of the receiving teller and initialed by him.

When asked to explain this situation, the plaintiff admitted that he did not know when he left the book to be balanced, and he offers no explanation as to how the entry of ".January 13, $350" succeeds a deposit of a later date, if the deposits were made by him in their consecutive order as to dates. Further, it is clear that, if the plaintiff actually made a deposit on January 13th, the entry thereof would not follow one of January 16th, unless the receiving teller deliberately skipped a line in making the entry. The amount claimed by him to have been deposited on January 13th is conceded by him to have been an unusually large deposit, and although he states when, where, and how he got this money, and that he carried it around with him for several weeks, he nevertheless is unable to state the exact date when he made the deposit, the hour when made, the denomination of any of the bills, whether he wrote a deposit slip in the bank or not, or explain the peculiar position of the entry in his pass book, which he says he looked at after it was made by the receiving teller.

As another circumstance tending to disprove plaintiff's claim and to substantiate the defendant's position, it is shown that January 13, 1906, fell on a Saturday, that the bank was open for the receipt of deposits only from 10 a. m. to 12 m., that the regular receiving teller was at the window all the morning of that day, and that the teller knew nothing whatever about the receipt of any money from the plaintiff, A man named Herlihy was the receiving teller at the time. The plaintiff admits that he did not give the money in question to this man, and it is in proof that Herlihy did not make the entry of January 13th. It can hardly be presumed that Herlihy would enter in plaintiff's pass book the entry, "January 16, $30," before one of "January 13, $350," without ascertaining why and how the latter entry got into the book. The plaintiff is the only witness in his behalf. He is strongly interested in the outcome of this action. The defendant, on the other hand, was supported by Lennon, who was disinterested; Herlihy, a former receiving teller, but no longer in its employ; Meehan, the bookkeeper by whom the mistaken ledger entry was made; and Szilgye, the clerk by whom it was transferred to the plaintiff's pass book. The documentary evidence and all the probabilities surrounding the transaction in question are contradictory of the plaintiff's, and confirmatory of the defendant's, story.

The verdict so strongly preponderates against the plaintiff as to indicate bias and prejudice on the part of the jury, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.